## OBJECTION OF ABUTTING OWNER TO TELEPHONE LINE.

Circuit Court of Licking County.

THE JOHNSTON & CROTON TELEPHONE COMPANY v.
WILLIAM F. HUGHES.

Decided, September Term, 1911.

*Telephone Poles Cut Down by Abutting Owner—Injunction Made Per-
petual· Against Further Acts of that Character—Rights of the
Public in Use of the Line—Abutter Relegated to His Legal Remedy.*

Where a telephone line has been erected along a highway by virtue of
an express agreement with the grantor of the present abutting
owner, injunction will lie against destruction of the line years
afterward by the present owner, because of failure of the com-
pany to accede to his demand for a large sum as compensation for
the increased burden upon his lands arising from the erection of
the telephone line.

*Kibler & Kibler,* for plaintiff.
*Fitzgibbon & Montgomery,* contra.

BY THE COURT (Voorhees, Shields and Powell, JJ.)

This case comes into this court by appeal from the judgment of
the court of common pleas and was heard upon the pleadings and
evidence.

Plaintiff in its petition alleges that it is a corporation and as
such corporation in the year 1900, under franchises granted to
said plaintiff by the village of Johnstown and the county com-
missioners of Licking county, the said plaintiff constructed a tele-
phone exchange in the village of Johnstown, Monroe township,
said county, and also extended country or toll lines therefrom
into the surrounding territory and in so doing built a line on the
north and south road, which is described as extending along on
the east line of lots eight and nine, owned by the defendant,
William F. Hughes; that at the time said telephone exchange
was established and lines constructed, the said lots eight and nine
were owned by one Martha Hughes and others. The said line was

built, constructed and since maintained under and by virtue of an express agreement made between the said plaintiff and the said Martha Hughes and others, previous to the location and construction of said line, by which the said defendant agreed and consented that the plaintiff might locate said line, which consisted of seven poles, cross-arms and wires along said road and maintained same for said purpose as part of said system of telephone communication; and in pursuance of such contract the plaintiff did construct said line as part of its system and extended the same to the north of said farm and beyond the limits of said Jersey township into Monroe township and southwardly below said farm and has since said year 1900 used and maintained the said pole line and appurtenances as a part of said telephone system without any objection, let or hindrance on the part of said Martha Hughes, or any other person, except as hereinafter stated. It then alleges the services furnished by said line and appurtenances to the patrons of said company; that in the year 1907, the defendant received a conveyance from the said Martha Hughes, mother of the defendant, for the said real estate, and at the time mentioned the said pole line and its appurtenances was located upon said highway, and that the defendant had full knowledge and notice thereof, and that the same had been located thereon for many years and was so located by virtue of the contract above mentioned. It then sets out that about the time last mentioned the said defendant without objecting in any way to the presence or maintenance of said line of poles along said highway demanded of the plaintiff therefor compensation; that afterwards the said plaintiff failing to make compensation or conceding the said defendant's right thereto, the defendant threatened and gave notice to the said plaintiff that unless the said plaintiff paid him a large sum of money for the privilege of having and maintaining said pole line along said highway he would destroy said pole line. And that in violation of the property rights of the said plaintiff, and without any right or authority the said defendant has since that time dug up six of said poles and thrown the same upon the ground upon said highway and left the same there, with the cross-arms and wires attached there-

to, and they remained thereon obstructing public travel and liable to produce serious damages and injury to travelers upon said highway; that the digging up of said poles and prostration of said lines has resulted in putting out of service all telephones on said line to the south of said premises, and cut out from service thereover all of the subscribers with whom the said plaintiff is under contract to furnish said service, and has resulted in the violation of said contract by the said plaintiff *ex necessitate*. It next alleges that there was consideration of money, and that the defendant had full knowledge of said pole lines.

It alleges that it has reset said poles in the same location and restored the line to its former use and efficiency, but the said defendant threatens to and, unless restrained by the court, will again remove said poles and attempt to destroy said line, and asks that an injunction be granted restraining and enjoining defendant from in any way removing or disturbing said poles, cross-arms, etc., along or on the highway through the farm of the said defendant in Jersey township, above mentioned, or in any way interfering with the use of said lines. And that, on the final hearing, such injunction be made perpetual, and for all proper relief.

To this petition of the plaintiff an answer was filed in which the defendant admits the corporate capacity of plaintiff and the fact that it is operating a telephone line in the village of Johntown, county of Licking, furnishing telephone connections with the exchanges mentioned in the petition, and as part of its business located a line on the route described in the petition in the year 1900; he admits that he became the owner of the farm in the petition described after the death of said Martha Hughes and that at said time the pole line was located on the highway adjacent to said land; he admits that he dug up the poles adjacent to his property and that since that time the plaintiff has reconstructed said line; and he denies each and every other allegation contained in said petition not herein specifically admitted to be true, and prays that the injunction before that time allowed should be dissolved, and for such other relief as he may be entitled to in law or in equity.

A reply was filed to this answer and an amended and additional reply in which it was alleged that said telephone pole line was so constructed as not to incommode the public and in such a manner as not to discommode or interrupt the access of the said defendant to and from said highway and to his said property. It further alleges that the defendant did not within three months after the erection of said poles, wires and other equipment along said highway, make application to the county commissioners of said county of Licking, alleging any grievance or damage by reason of the construction of said pole line, wires, appurtenances, etc., nor for the appointment of three disinterested persons as appraisers, nor were any appraisers appointed, nor was any appraisement made of any loss or damage claimed to have been sustained by the said defendant by reason of the said line, poles and other equipment, nor were any steps or proceedings taken by the said defendant under the provisions of 3461-2 of the Revised Statutes of Ohio, or at all. And he asks that the said defendant be barred by reason of the statute above quoted from making the said defense or objecting to the present existence, maintenance and operation of said pole line, wires and other equipment for the purposes mentioned in the said petition, and that by reason thereof has now no right to interfere with the location and construction of said pole line.

By its amended and additional reply filed in this court July 29, 1910, it alleges that the said defendant had full knowledge of the erection of said poles, wires and appurtenances along said highway and of the nature and character of the local and long distance business intended thereby to be transmitted and which was actually thereby transmitted over and across said lines, and that between the year 1900 and the time of the commencement of this action he made no objection to the construction, maintenance and use of said wires as aforesaid, and made no attempt to interfere with said construction, maintenance and use, but acquiesced in the same; and plaintiff says that the said defendant is estopped from now objecting to or from now interfering with the maintenance and use of said poles, wires and appurtenances

as aforesaid, and this plaintiff asks judgment as prayed for in the petition.

A temporary restraining order was allowed upon the filing of the petition herein. Afterwards the defendant filed a demurrer to the reply, which demurrer was sustained in the court of common pleas and the petition was dismissed and the case was then appealed to this court, where, at the last term of this court, to-wit, March, 1911, the demurrer to the reply was overruled and the case was heard upon the evidence and tried upon its merits at this term of court.

Upon all the evidence adduced this court is of the opinion that the equities are with the plaintiff, and that the defendant is without any legal right or authority to remove the poles of the plaintiff so placed upon his lands as set out in the petition; that the plaintiff is in the nature of a public service corporation, and that the public have acquired certain rights in the services to be rendered by it which the defendant ought not to be allowed to infringe or trespass upon, and that he has a legal remedy without taking the law into his own hands, as alleged in the petition, and admitted by him in his answer to be true; and that the plaintiff is entitled to the relief prayed for in its petition and that the temporary restraining order heretofore allowed in favor of the plaintiff should be made perpetual, and plaintiff recover its costs against the defendant.